*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNITED REHAB SERVICES, PC,

        Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant.

UNPUBLISHED
April 30, 2019

No. 341208
Oakland Circuit Court
LC No. 2017-156697-NF

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

In this action for recovery of personal protection insurance (PIP) benefits payable under the no-fault act, MCL 500.3101 *et seq.*, defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition. We reverse in part, and remand for further proceedings consistent with this opinion.

## I. RELEVANT FACTUAL BACKGROUND

Defendant's insured, Edmond Miesch (Miesch), was injured in an automobile accident on January 16, 2015. Plaintiff treated Miesch for his injuries, beginning on January 8, 2016, until approximately July 2016. Following the completion of Miesch's treatment, plaintiff sought no-fault benefits from defendant for medical services performed after the accident. Defendant refused to compensate plaintiff, and on January 6, 2017, plaintiff filed the instant action, seeking recovery of no-fault benefits.

Shortly thereafter, our Supreme Court decided *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 195-196; 895 NW2d 490 (2017), and held that medical service providers do not have an independent statutory right to sue no-fault insurers for payment of no-

---

[1] See *United Rehab Services, PC v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered May 14, 2018 (Docket No. 341208).

-1-

fault PIP benefits. In response to our Supreme Court's decision in *Covenant*, plaintiff obtained an assignment of rights from Meisch on July 1, 2017.

On July 20, 2017, defendant moved for summary disposition, citing *Covenant*. During a September 6, 2017 hearing on defendant's motion, plaintiff made an oral motion to amend its complaint to reflect its recently obtained assignment of rights from Meisch. The trial court granted plaintiff's oral motion and denied defendant's motion for summary disposition. Plaintiff filed its amended complaint on September 12, 2017.

On September 2017, defendant filed its second motion for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that the Meisch's assignment did not relate back to the date of filing of plaintiff's original complaint under MCR 2.118(D), and that plaintiff's amended complaint was actually a supplemental pleading under MCR 2.118(E). Defendant further argued that the no-fault act's one year back rule, found in MCL 500.3145(1), also barred plaintiff's claim. Following a November 1, 2017 hearing, the trial court denied defendant's motion for summary disposition. Defendant sought leave to appeal in this Court, which was granted, and this appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo the trial court's decision to grant or deny summary disposition." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 205-206; ___ NW2d ___ (2018). Although defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), it is clear from the record before us that the trial court considered material outside the parties' pleadings. Accordingly, we will treat the motion for summary disposition "as having been brought and decided under MCR 2.116(C)(10)." *Id*. at 206.

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. When the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*. at 207.]

## III. ANALYSIS

On appeal, defendant argues that the trial court erroneously denied its motion for summary disposition. We agree.

In *Covenant*, our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant*, 500 Mich at 196. Therefore, in order for plaintiff to have standing to sue defendant for reimbursement of Miesch's medical expenses, plaintiff is required to obtain an assignment of rights from Miesch. *Shah*, 324 Mich App at 187-188. Plaintiff did obtain an assignment of rights from Miesch on July 1, 2017.

However, plaintiff's claim is still subject to the one-year-back rule in MCL 500.3145(1), which provides that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." *Shah*, 324 Mich App at 202, quoting MCL 500.3145(1). The one-year-back rule is "designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Id*. (quotation marks and citation omitted).

Moreover, in *Shah*, this Court concluded that an assignment of rights obtained after a complaint is filed does not relate back to the date of the original complaint, which would allow medical providers to pursue no-fault benefits for the recovery of medical expenses incurred up to one year before the filing of the complaint. *Id*. at 202-203. Rather, "[a]n assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Id*. at 204 (citation omitted). Accordingly, an assignment of rights executed in favor of a medical provider only allows the medical provider to seek to recover no-fault benefits for any portion of the loss that was incurred within one year of the date of the assignment. *Id*.

Here, plaintiff seeks payment of no-fault benefits incurred between January 8, 2016, and July 2016. However, because plaintiff obtained its assignment from Miesch on July 1, 2017, it is only entitled to seek no fault-benefits for medical services rendered between July 1, 2016 and July 1, 2017. *Id*. at 204-205. Accordingly, defendant is entitled to summary disposition with respect to any medical services rendered by plaintiff to Miesch before July 1, 2016. Because the trial court erred in finding otherwise, we reverse in part.

However, although the parties agree that Miesch was last treated by plaintiff in July, 2016, on the record before us, it is unclear on exactly what date plaintiff last treated Miesch. Because plaintiff is entitled to pursue defendant for no-fault benefits for medical services rendered on any date after July 1, 2016, but before July 1, 2017, remand for further proceedings is required.

We reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Patrick M. Meter